Joya Manjur (CA Bar No. 348160)
Elena Saxonhouse (CA Bar No. 235139)
Andrea Issod (CA Bar No. 230920)
2101 Webster Street, Suite 1300
Oakland, CA 94612
joya.manjur@sierraclub.org
elena.saxonhouse@sierraclub.org
andrea.issod@sierraclub.org

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SIERRA CLUB,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICE OF MANAGEMENT AND BUDGET,<br><br>Defendant. | Case No. ____________________<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF<br><br>Freedom of Information Act, 5 U.S.C. § 552. |

Plaintiff Sierra Club, through counsel, alleges as follows:

## INTRODUCTION

1. Defendant Office of Management and Budget ("OMB") has violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by refusing to produce records related to the Executive Branch's freeze of key federal funding programs and communications between agency officials and external parties.

2. OMB has worked with the Department of Government Efficiency ("DOGE") to enact a series of rapid, sweeping changes to the federal government with virtually no transparency. OMB and DOGE have directed federal agencies' withholding of significant amounts of Congressionally-appropriated funds; substantial cuts to federal spending; and terminations or revocations of thousands of federal grants and contracts. These actions have impeded important government services and operations related to public health and the environment, among others.

3. Sierra Club is the nation's oldest grassroots environmental organization dedicated to protecting public health and the environment. Sierra Club and its members have a longstanding interest in governmental accountability and transparency, and educating and mobilizing the public around environmental and public health issues.

4. To further those interests, Sierra Club filed three FOIA requests with OMB seeking documents related to withholding of federal funds and communications with external parties, and sought expedited processing of two of its requests.

5. FOIA required OMB to make decisions within ten calendar days about whether to grant Sierra Club's requests for expedited processing, and to provide Sierra Club with determinations within twenty business days about whether responsive documents exist and whether it will release them, and to produce responsive documents promptly thereafter.

6. Despite subsequent inquiries from Sierra Club, OMB has ignored the deadlines required by FOIA. OMB has not made determinations on Sierra Club's requests, nor provided an estimated date of completion for the requests. It has also failed to produce any documents or provide any explanation for withholding documents. Each of these failures violates FOIA.

7. Sierra Club therefore brings this action seeking injunctive, declaratory, and other appropriate relief against OMB to remedy its violations of the law.

## JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

8. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

9. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) because Plaintiff Sierra Club has its principal place of business in Oakland, California.

10. For the same reason, intra-district assignment is proper in the Oakland Division. *See* Civil L.R. 3-2.

11. This Court may issue a declaratory judgment, provide injunctive relief from withholding records and order the production of such records, and grant other equitable relief as the Court may deem just and proper. 5 U.S.C. § 552(a)(4)(B).

12. This Court may award attorney fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).

## PARTIES

13. Plaintiff Sierra Club is incorporated in the State of California as a nonprofit public benefit corporation with headquarters in Oakland, California. Sierra Club is the nation's oldest environmental grassroots organization and has more than 613,000 members nationwide. Sierra Club is dedicated to protecting and preserving the natural and human environment, and its purpose is to explore, enjoy, and protect the wild places of the earth; to practice and promote the responsible use of the earth's

ecosystems and resources; and to educate and enlist humanity to protect and restore the quality of the natural and human environments.

14. Sierra Club submitted the FOIA requests at issue in this case to OMB in support of those efforts and to further Sierra Club's long-standing interest in government accountability and transparency.

15. Sierra Club routinely uses FOIA to obtain information from federal agencies, which Sierra Club's legal and policy experts analyze in order to inform their members and the public about environmental and public health issues. Sierra Club regularly conveys important information to its members and the public through press releases and publications with wide circulation, such as *Sierra Magazine*, as well as by releasing the documents obtained through FOIA requests on its website and through another organization's publicly searchable database (https://edgifoia.toxicdocs.org/). Sierra Club also uses information obtained through FOIA requests to support its advocacy for policies that protect public health and the environment.

16. Sierra Club brings this action on its own behalf and on behalf of its members. Sierra Club and its members have been and continue to be injured by OMB's failure to respond to Sierra Club's requests within the statutory timeframes mandated by FOIA. Withholding critical information about the freezing of federal funds disbursed by agencies with statutory mandates to protect public health and the environment, and the parties both inside and outside government that may be influencing these decisions, impedes Sierra Club's mission to educate the public about critical and time-sensitive issues related to public health and the environment and advocate for protective policies. The requested relief will redress these injuries.

17. Defendant Office of Management and Budget ("OMB") is an agency of the executive branch of the United States government within the meaning of 5 U.S.C. § 551(1). It has in its

possession and control the records sought by Sierra Club and is therefore subject to FOIA under 5 U.S.C. § 552(f).

## STATUTORY FRAMEWORK

18. The Freedom of Information Act was enacted to protect citizens' "right to be informed about what their government is up to." *U.S. Dep't of Just. v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989) (internal quotations omitted). "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). The statute was intended "to permit access to official information long shielded unnecessarily from public view and … to create a judicially enforceable public right to secure such information from possibly unwilling official hands." *EPA v. Mink*, 410 U.S. 73, 80 (1973).

19. FOIA requires that federal agencies promptly release requested records in their possession to the public, unless a statutory exemption applies. 5 U.S.C. § 552(a)-(b).

20. To make it easier for public interest groups like Sierra Club to access government records, FOIA requires agencies to provide documents without charge or at a reduced charge where "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552 (a)(4)(A)(iii); *see also* 5 C.F.R. § 1303.94(b).

21. Within twenty business days of an agency's receipt of a FOIA request, the agency must determine whether responsive documents exist and whether it will release them. 5 U.S.C. § 552(a)(6)(A)(i). The agency must "immediately notify" the requester of "such determination and the reasons therefor." *Id.* § 552(a)(6)(A)(i)(I).

22. FOIA also requires agencies to promulgate regulations that provide for expedited processing of FOIA requests where the requester demonstrates a "compelling need" as well as in "other cases determined by the agency." *Id.* § 552(a)(6)(E)(i). FOIA defines "compelling need" to include requests "made by a person primarily engaged in disseminating information" where there is an "urgency to inform the public concerning actual or alleged Federal Government activity." *Id.* § 552(a)(6)(E)(v)(II).

23. OMB regulations require expedited processing in cases where "[t]here is an urgency to inform the public about an actual or alleged Federal Government Activity," or "[t]here are possible questions, in a matter of widespread and exceptional public interest, about the Government's integrity which affect public confidence," among other circumstances. *Id.* § 1303.40(e)(1)(ii), (iv).

24. Agencies must make a determination on requests for expedited processing within 10 calendar days. 5 U.S.C. § 552(a)(6)(E)(ii)(I); *see also* 5 C.F.R. § 1303.40(e)(4) ("OMB will decide whether to grant a request for expedited processing and will notify the requester within 10 calendar days after the date of the request."). If an agency grants expedited processing, it must process the request "as soon as practicable." 5 U.S.C. § 552(a)(6)(E)(iii); *see also* 5 C.F.R. § 1303.40(e)(4).

25. Agencies must make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request. 5 U.S.C. § 552(a)(3)(C)-(D). Agency records subject to FOIA are those over which an agency has "custody" and "control." *See U.S. Dep't of Just. v. Tax Analysts,* 492 U.S. 136, 144-145 (1989).

26. If OMB believes that a different agency is best placed to address a FOIA request, it must "refer the responsibility for responding to the request regarding that record to that agency" and notify the requester of the referral. 5 C.F.R. § 1303.30(c)(2)(i).

27. In addition, FOIA and OMB regulations require OMB to, upon request, provide status updates on FOIA requests, including "an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii); 5 C.F.R. § 1303.50(a)(2).

28. If an agency withholds responsive records, in whole or in part, FOIA puts the burden on the agency to demonstrate that an exemption applies and that it outweighs FOIA's policy of disclosure. *See, e.g.*, 5 U.S.C. § 552(a)(4)(B); *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991) (stating FOIA's "strong presumption in favor of disclosure" places burden on agency to justify any withholdings or redactions). Even if an exemption applies, an agency may only withhold responsive records if "the agency reasonably foresees that disclosure would harm an interest protected by an exemption." 5 U.S.C. § 552(a)(8)(A)(i)(I).

29. If the agency fails to comply with the statutory time limits, the requester is deemed to have exhausted their administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i); 552(a)(6)(E)(ii)(I)–(iii). District courts may enjoin an agency from withholding agency records and "order the production of any agency records improperly withheld." *Id.* § 552(a)(4)(B).

## STATEMENT OF FACTS

### *OMB and DOGE's Pre-Inauguration Operations*

30. On November 12, 2024, President-elect Donald Trump announced that he would establish a new Department of Government Efficiency ("DOGE"), to be led by tech billionaire Elon Musk and former Republican presidential candidate Vivek Ramaswamy.[1] He explained that DOGE's purpose would be to "pave the way for [his] Administration to dismantle Government Bureaucracy, slash excess regulations, cut wasteful expenditures, and restructure Federal Agencies."[2] He stated that

[1] Donald J. Trump (@realDonaldTrump), X (Nov. 13, 2024, 3:21 AM), https://x.com/realDonaldTrump/status/1856658569124262092. Ramaswamy later announced, on Inauguration Day, that he was stepping down from DOGE.

[2] *Id.*

"[t]o drive this kind of drastic change, the Department of Government Efficiency will provide advice and guidance from outside of Government, and will partner with the White House and Office of Management & Budget to drive large scale structural reform, and create an entrepreneurial approach to Government never seen before."[3]

31. On November 22, 2024, Trump announced his intent to nominate Russell Vought as the Director of OMB.[4] Vought is the founder of a conservative think tank called Center for Renewing America,[5] and a co-author of Project 2025, a conservative policy agenda published by the Heritage Foundation in 2023, that lays out strategies for drastically restructuring the federal government and changing federal policies to better align with "conservative values."[6]

32. Prior to being appointed Director of OMB, Vought made clear his opposition to environmental regulation and his vision of government reform. He stated: "We want the bureaucrats to be traumatically affected . . . We want [federal agency] funding to be shut down so that the [Environmental Protection Agency ("EPA")] can't do all of the rules against our energy industry because they have no bandwidth financially to do so. We want to put them in trauma."[7]

33. In July 2024, Vought stated that "Eighty percent of [his] time [was] working on the plans of what's necessary to take control of these bureaucracies."[8] Vought's aide Micah Meadowcroft also

[3] *Id.*

[4] Donald J. Trump (@realDonaldTrump), Truth Social (Nov. 22, 2024, 4:03 PM), https://truthsocial.com/@realDonaldTrump/posts/113529338208908362.

[5] Center for Renewing America, "About the Center for Renewing America," (last visited July 3, 2025), https://americarenewing.com/about/.

[6] Russell Vought, "Executive Office of the President of the United States" *in Mandate for Leadership: The Conservative Promise, Project 2025: Presidential Transition Project* (2022), https://static.heritage.org/project2025/2025_MandateForLeadership_FULL.pdf.

[7] Molly Redden et al., *"Put Them in Trauma": Inside a Key MAGA Leader's Plans for a New Trump Agenda*, ProPublica, Oct. 28, 2024, https://www.propublica.org/article/video-donald-trump-russ-vought-center-renewing-america-maga.

[8] Centre for Climate Reporting, *Undercover in Project 2025,* YouTube, Aug. 15, 2024, https://www.youtube.com/watch?v=PY_chqyaRHo; Curt Devine et al., *Hidden-camera video shows Project 2025 co-author discussing his secret work preparing for a second Trump term*, CNN, Aug. 15,

stated that Vought was working on the "second phase" of Project 2025, which involved supervising the preparation of policy packets, executive orders, agenda items, and comprehensive transition plans for each federal agency.[9] He also stated that "the goal is to familiarize all the transition team people with these plans" without "send[ing] them to their work emails" to ensure that "as little of it [is] FOIA-able . . . as possible."[10]

34. On information and belief, Vought, Musk, and other advisors coordinated with OMB officials prior to Trump's inauguration to prepare to install DOGE in the federal government and implement strategies for dismantling the federal executive branch.[11] The New York Times reported that Vought and Musk first met at Trump's Mar-a-Lago resort in Florida on November 14, 2024, and that Vought "helped educate Mr. Musk about the workings of the bureaucracy," as he was planning DOGE's operations during the presidential transition period.[12] In late 2024, Musk and his advisors identified the U.S. Digital Service, an office within OMB, as a future home for DOGE inside the federal government.[13]

35. On information and belief, DOGE personnel worked out of OMB for a time and used OMB communications and/or recordkeeping systems to conduct official agency business.[14]

---

2024, https://www.cnn.com/2024/08/15/politics/russ-vought-project-2025-trump-secret-recording-invs/index.html.

[9] Devine et al., supra n.8.

[10] Centre for Climate Reporting, supra n.8.

[11] Jonathan Swan et al., *How Elon Musk Executed His Takeover of the Federal Bureaucracy*, New York Times, Feb. 28, 2025, https://www.nytimes.com/2025/02/28/us/politics/musk-federal-bureaucracy-takeover.html.

[12] *Id.*

[13] *Id.*

[14] *Id.*

*Installation of DOGE in the Federal Government*

36. On January 20, 2025, inauguration day, President Trump issued Executive Order 14158, entitled "Establishing and Implementing the President's 'Department of Government Efficiency,'" officially installing DOGE in the federal government.[15] The Order purported to rename the United States Digital Service as the United States DOGE Service ("USDS") and reorganize it within the Executive Office of the President, with an Administrator reporting to the White House Chief of Staff.[16] The Executive Order also purported to establish within USDS a "U.S. DOGE Service Temporary Organization," that "shall be dedicated to advancing the President's 18-month DOGE agenda."[17] It also ordered each federal agency to establish a "DOGE Team" of at least four employees within 30 days, in consultation with the USDS Administrator.[18]

*Federal Funding Freeze*

37. On January 20, 2025, Trump signed another Executive Order directing all agencies to "immediately pause the disbursement of funds appropriated through the Inflation Reduction Act of 2022 (Public Law 117-169)," and to review agency processes, policies, and programs for issuing congressionally appropriated IRA grants and loans for consistency with the new administration's policy preferences.[19]

38. On January 27, 2025, then-Acting OMB Director Matthew J. Vaeth issued a memorandum to the heads of departments and agencies directing them to "temporarily pause all

[15] Exec. Order No. 14158, 90 Fed. Reg. 8441 (Jan. 20, 2025), https://www.govinfo.gov/content/pkg/FR-2025-01-29/pdf/2025-02005.pdf.

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Unleashing American Energy*, Exec. Order No. 14154, 90 Fed. Reg. 8353, 8357 (Jan. 20, 2025), https://www.govinfo.gov/content/pkg/FR-2025-01-29/pdf/2025-01956.pdf.

activities related to obligation or disbursement of all Federal financial assistance."[20] OMB rescinded the memo two days later, after multiple lawsuits challenging the funding freeze were filed, but the Administration asserted that the funding freeze remained in effect despite the rescission, based on Trump's executive order.[21]

39. Several courts subsequently issued orders blocking the funding freeze. However, federal funds reportedly remain on hold to this date, halting or impeding numerous environmental, climate, and public health initiatives. The Democratic staff of the House and Senate Appropriations Committees compiled a tracker laying out "the minimum amount of federal funding the Committees believe the administration is currently freezing, cancelling, or fighting in court to block," which estimates a total of more than 425 billion dollars in blocked funding.[22]

40. On June 10, 2025, E&E News by POLITICO reported that OMB had ordered more federal funding cuts. It directed several agencies, including the EPA, National Oceanic and Atmospheric Administration, Department of Interior, Department of Health and Human Services, and National Science Foundation "to freeze upward of $30 billion in spending on a broad array of programs."[23]

---

[20] Matthew J. Vaeth, Acting Dir., Off. of Mgmt. and Budget, Memorandum for Heads of Executive Departments and Agencies (Jan. 27, 2025), https://perma.cc/3E6L-JSPD.

[21] Jeff Stein & Tony Romm, *Trump White House rescinds order freezing federal spending, reversing course*, Wash. Post, Jan. 29, 2025, https://www.washingtonpost.com/business/2025/01/29/white-house-budget-office-spending-freeze/; Karoline Leavitt (@PressSec), X (Jan. 29, 2025, 10:40 AM) https://x.com/PressSec/status/1884672871944901034?lang=en ("This is NOT a rescission of the federal funding freeze.").

[22] Appropriations Committee Democrats, House Committee on Appropriations, *Trump's Unprecedented Funding Freeze Hits Communities Across America* (last updated Apr. 29, 2025), https://democrats-appropriations.house.gov/trumps-unprecedented-funding-freeze-hits-communities-across-america.

[23] Scott Waldman & Corbin Hiar, *White House looks to freeze more agency funds — and expand executive power*, E&E News by Politico, June 10, 2025, https://www.eenews.net/articles/white-house-looks-to-freeze-more-agency-funds-and-expand-executive-power/.

41. On information and belief, the broad withholding of federal funds at OMB's direction has already impacted and will likely continue to adversely impact crucial government services and programs, including those related to public health, environmental safety, land and resource conservation, and clean energy development.[24]

*Collaboration between OMB and DOGE*

42. On information and belief, OMB and DOGE have worked closely to implement the large-scale federal funding freeze and cuts. POLITICO reported that "the line between where the work of Musk's Department of Government Efficiency stops and the work of Vought's Office of Management and Budget begins is blurry — even to people close to the efforts."[25] According to former Trump administration officials who spoke to POLITICO anonymously in March 2025, "[n]either [Musk or Vought] would be as potent in their efforts to slash and upend the government without the other."[26]

*Sierra Club's Three FOIA Requests*

43. The Sierra Club submitted the first of the three FOIA requests at issue in this Complaint on January 30, 2025. The request seeks inter-agency communications related to withholding of federal funds, including directions from OMB to other federal agencies ordering them to cut specific

[24] *See, e.g.*, *New York v. Trump*, 769 F. Supp. 3d 119, 2025 U.S. Dist. LEXIS 40346, at *30 (D.R.I. 2025) ("the effects of the indiscriminate and unpredictable freezing of federal funds . . . implicate nearly all aspects of the States' governmental operations and inhibit their ability to administer vital services to their residents"); *id.* at *50-*60 (describing variety of harms from funding freeze); *see also* Zack Colman, *'Set up for failure': Trump's cuts bring climate and energy agencies to a standstill, workers say*, Politico (June 17, 2025), https://www.politico.com/news/2025/06/17/trumps-energy-cuts-means-agencies-failure-00406526; Jordan Wolman and Natalie Fertig, *'Crazy': Forest Service cuts ignite fear, fury over wildfire risks*, Politico (Apr. 23, 2025), https://www.politico.com/news/2025/04/23/crazy-forest-service-cuts-ignite-fear-fury-over-wildfire-risks-00301499.

[25] Megan Messerly, *Inside Elon Musk and Russ Vought's quiet alliance*, Politico, Mar. 24, 2025, https://www.politico.com/news/2025/03/24/inside-elon-musk-and-russ-voughts-quiet-alliance-00243290.

[26] *Id.*

programs. *See* Ex. A. It also seeks information held within OMB, including (1) adjustments to the Treasury "apportionment" accounts for key Inflation Reduction Act and Bipartisan Infrastructure Law programs that identify how much funding may be disbursed for each congressional authorization, (2) any records reflecting the rationale for such adjustments, and (3) submissions to the email address OMB set up for review of agencies' plans to cut their financial assistance programs. *Id*.

44. Sierra Club requested expedited processing of the request and facts with supporting references demonstrating that there is "urgency to inform the public about an actual or alleged Federal Government activity," and that the funding freeze raises "possible questions, in matter of widespread and exceptional public interest, about the Government's integrity which affect public confidence." *See* Ex. A at 3-5; 5 C.F.R § 1303.40(e)(1)(ii), (iv); *see also* 5 U.S.C. § 552(a)(6)(E).

45. Sierra Club also requested a fee waiver and provided supporting details demonstrating that "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *See* Ex. A at 6-9; 5 U.S.C. § 552 (a)(4)(A)(iii); 5 C.F.R. § 1303.94(b).

46. OMB acknowledged receipt of the first request on the same day it was submitted and assigned it the OMB FOIA number 2025-609.

47. Sierra Club followed up with OMB via email on March 5, 2025 to request an estimated completion date for the request, and received no response. *See* Ex. B. Sierra Club sent another follow-up email on May 6, 2025 and received an initial system-generated response confirming receipt of the email and stating that OMB "will provide further information where appropriate." *See* Ex. C.

48. OMB responded further via email to Sierra Club's May 6th inquiry on June 9, 2025. *See* Ex. B. It advised that Sierra Club's "FOIA request sits at number 1,390 out of a total of more than

2,120 requests in our backlog queue" and that "our best estimate at this time for completing the processing of your FOIA request is 36-48 Months." *Id.*

49. Under the FOIA statutory deadlines, OMB was required to provide Sierra Club with a decision on its request for expedited processing by February 9, 2025. 5 U.S.C. § 552(a)(6)(E)(ii)(I). OMB was also required to respond to Sierra Club's fee waiver request and provide a final determination on whether responsive documents to Sierra Club FOIA request exist and whether it will release them by February 28, 2025. 5 U.S.C. §§ 552(a)(4)(A)(viii), (a)(6)(A)(i).

50. As of the date of this Complaint, OMB has failed to provide any final determination that the agency plans to respond to the first request and has not provided Sierra Club with any responsive documents. *See* 5 U.S.C. § 552(a)(6)(A)(i). OMB has also failed to respond to Sierra Club's requests for expedited processing and fee waiver.

51. Sierra Club, along with Environmental Integrity Project, submitted a second FOIA request that was received by OMB on January 31, 2025, seeking external communications related to the withholding of federal funds pursuant to OMB's January 27, 2025 memorandum. *See* Ex. D.

52. Sierra Club requested a fee waiver and provided supporting details demonstrating that "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *Id.* at 3-6; 5 U.S.C. § 552 (a)(4)(A)(iii); 5 C.F.R. § 1303.94(b).

53. OMB acknowledged receipt of the second request on the day it was received and assigned it OMB FOIA number 2025-615. *See* Ex. E.

54. Sierra Club and Environmental Integrity Project followed up with OMB on March 4, 2025 to request a status update and estimated completion date and received no response. Sierra Club and Environmental Integrity Project followed up again on March 14, 2025, and again received no response. *See* Ex. E.

55. Under the FOIA statutory deadlines, OMB was required to provide Sierra Club with a response to its fee waiver request and a final determination on whether responsive documents to its FOIA request exist and whether it will release them by March 3, 2025. 5 U.S.C. §§ 552(a)(4)(A)(viii), (a)(6)(A)(i).

56. As of the date of this Complaint, OMB has failed to provide any final determination that the agency plans to respond to the second request and has not provided Sierra Club with any responsive documents. *See* 5 U.S.C. § 552(a)(6)(A)(i). OMB has also failed to respond to Sierra Club's request for a fee waiver.

57. In preparation to submit a third request, this time for both OMB and DOGE-related documents, on February 13, 2025, Sierra Club contacted the OMB FOIA liaison, pursuant to 5 CFR § 1303.20, to seek clarification about how to submit a FOIA request for records from DOGE, USDS, and U.S. DOGE Service Temporary Organization. *See* Ex. F. Specifically, Sierra Club asked: "Does the [Executive Office of the President] have a separate FOIA officer handling requests to DOGE, USDS, and U.S. DOGE Service Temporary Organization, or is the OMB FOIA officer still the best point of contact for FOIA requests seeking records for these entities up through the present date?" On February 14, 2025, OMB responded: "You can submit a FOIA request to OMB either via email at OMBFOIA@omb.eop.gov or via the government-wide FOIA portal at https://www.foia.gov/." *See* Ex. F.

58. Sierra Club submitted a third FOIA request that was received by OMB on February 25, 2025, seeking "records in the possession, custody, or control of [OMB] or in the possession, custody, or control of personnel associated with [DOGE], [USDS], or U.S. DOGE Service Temporary Organization." *See* Ex. G at 1; Ex. H. The request seeks communications between OMB and DOGE's senior political staff or their administrative assistants and people connected to fossil fuel and other industries, as well as right-wing political interests and media outlets, identified by a list of email

domain names attached to the request. The request states: "If you are not the correct contact for the full scope of agency records created or maintained by the individuals listed above—including those purporting to be working on behalf of the DOGE entities out of an EOP office external to OMB—please inform us of that upon acknowledging receipt of the request, and either provide us with the correct contact or forward the request to the appropriate component of EOP directly." *Id.* at 4-5.

59. Sierra Club requested expedited processing of the request and provided facts and supporting references demonstrating that there is "urgency to inform the public about an actual or alleged Federal Government activity," 5 C.F.R. § 1303.40(e)(1)(ii), and that the funding freeze raises "possible questions, in matter of widespread and exceptional public interest, about the Government's integrity which affect public confidence," *id*. § 1303.40(e)(1)(iv). *See* Ex. G at 5-9.

60. Sierra Club also requested a fee waiver and provided supporting details demonstrating that "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." Ex. G at 11-14; 5 U.S.C. § 552 (a)(4)(A)(iii); 5 C.F.R. § 1303.94(b).

61. OMB acknowledged receipt of the third request on the day after it was received, and assigned it OMB FOIA number 2025-825. Ex. H. OMB did not indicate that it was not the correct contact for the Sierra Club's request.

62. Sierra Club followed up with OMB via email on May 7, 2025 to request a status update and an estimated completion date for the request, and received an initial system-generated response confirming receipt of the email and stating that OMB "will provide further information where appropriate." The auto-response also stated:

> "Please note that the U.S. Department of Government Efficiency is not a component of the Office of Management and Budget (OMB). Pursuant to Executive Order (E.O.) 14158 of January 20, 2025, 'Establishing and

> Implementing the President's "Department of Government Efficiency,"' the United States Digital Service was publicly renamed and reformed as the United States DOGE Service (USDS) and was established in the Executive Office of the President. As a result, any USDS records created on or after January 20, 2025, are not within the legal custody and control of OMB. OMB does not process FOIA requests on behalf of USDS." *See* Ex. I.

63. This automatic response, which OMB sent more than two months after receiving Sierra Club's request, did not provide any contact information or instructions for submitting FOIA requests for USDS records created on or after January 20, 2025, and did not disclaim responsibility for DOGE-related records prior to that date. Ex. I.

64. OMB responded further to Sierra Club's May 7, 2025, inquiry via email on June 9, 2025. *See* Ex. H. OMB's response was nearly identical to its response to Sierra Club's May 6, 2025, inquiry about its January 30, 2025, request (OMB FOIA number 2025-609). It erroneously referred to "seven [FOIA] requests submitted to the [OMB]," though Sierra Club did not submit seven requests and was only inquiring about the status of one request. OMB stated that the FOIA request "sits at number 1,390 out of a total of more than 2,120 requests in our backlog queue"—the very same status update OMB provided for the Sierra Club's January 30, 2025 request, which was submitted over three weeks prior to the February 25, 2025 request. It also provided the same 36-48 month estimate for completing the FOIA request.

65. Under the FOIA statutory deadlines, OMB was required to provide Sierra Club with a decision on its request for expedited processing by March 7, 2025. 5 U.S.C. § 552(a)(6)(E)(ii)(I). OMB was also required to respond to Sierra Club's fee waiver request and provide a final determination on whether responsive documents to Sierra Club FOIA request exist and whether it will release them by March 25, 2025. 5 U.S.C. §§ 552(a)(4)(A)(viii), (a)(6)(A)(i).

66. As of the date of this Complaint, OMB has failed to provide any final determination that the agency plans to respond to the third request and has not provided Sierra Club with any responsive documents. *See* 5 U.S.C. § 552(a)(6)(A)(i). OMB has also failed to respond to Sierra Club's requests for expedited processing and fee waiver.

**FIRST CAUSE OF ACTION**

**Failure to Comply with Mandatory Determination Deadline**

67. Sierra Club re-alleges and incorporates by reference all the foregoing paragraphs in this Complaint.

68. Sierra Club submitted three separate FOIA requests received by OMB on January 30, January 31, and February 25, 2025, respectively, properly requesting records within OMB's custody and control.

69. Defendant OMB is an agency subject to FOIA and must process FOIA requests pursuant to the requirements of FOIA and agency regulations.

70. Within twenty business days after receipt of a request, FOIA requires the agency to make a determination as to whether it will comply with the records request, including providing a notice of rights and the reasons for the determination. 5 U.S.C.§ 552(a)(6)(A)(i).

71. FOIA further requires the agency to provide a complete response and "promptly" release the requested agency records. 5 U.S.C. § 552(a)(3)(A).

72. More than twenty business days have passed since OMB received Sierra Club's January 30, January 31, and February 25, 2025 requests.

73. OMB has failed to provide Sierra Club with a final and complete determination on its January 30, January 31, and February 25, 2025 requests, in violation of FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

74. OMB has failed to produce documents responsive to Sierra Club's January 30, January 31, or February 25, 2025 requests, in violation of 5 U.S.C. § 552(a)(3)(A).

75. Sierra Club has exhausted the applicable administrative remedies, and is otherwise entitled to obtain the requested records.

## SECOND CAUSE OF ACTION

### Failure to Grant Expedited Processing

76. Sierra Club re-alleges and incorporates by reference all the foregoing paragraphs in this Complaint.

77. Sierra Club properly requested records within OMB's custody and control on an expedited basis.

78. Defendant OMB is an agency subject to FOIA and must process FOIA requests on an expedited basis pursuant to the requirements of FOIA and agency regulations.

79. FOIA and OMB regulations require OMB to decide whether to grant a request for expedited processing and notify the requestor of their determination within 10 calendar days after the date of the request. 5 U.S.C. § 552(a)(6)(E)(ii)(I); C.F.R. § 1303.40(e)(4).

80. OMB failed to issue a determination on the request for expedited processing within the timeframe set by statute and OMB regulations.

81. Sierra Club's January 30, 2025 FOIA request justifies expedited processing under FOIA and 5 C.F.R. § 1303.40(e)(1)(ii), (iv).

82. Sierra Club's February 25, 2025 FOIA request justifies expedited processing under FOIA and 5 C.F.R. § 1303.40(e)(1)(ii); (iv).

83. Sierra Club has exhausted the applicable administrative remedies.

84. Sierra Club is entitled to declaratory and injunctive relief requiring OMB to grant expedited processing of its January 30 and February 25, 2025 requests.

**THIRD CAUSE OF ACTION**

**Failure to Respond to Fee Waiver Requests**

85. Sierra Club re-alleges and incorporates by reference all the foregoing paragraphs in this Complaint.

86. All three of Sierra Club's FOIA requests include a detailed fee waiver request demonstrating that Sierra Club meets the criteria to qualify for a fee waiver. *See* Ex. A at 6-9, D at 3-6, G at 11-14; 5 U.S.C. § 552 (a)(4)(A)(iii); 5 C.F.R. § 1303.94(b).

87. OMB failed to reply to Sierra Club's fee waiver requests within the 20-day time limit for responding to FOIA requests, allotted by statute and regulation.

88. Sierra Club has exhausted the applicable administrative remedies.

89. OMB has not given Sierra Club written notice of unusual circumstances, and no unusual or exceptional circumstances exist that might excuse a late response. 5 U.S.C. § 552(a)(4)(A)(viii)(II).

90. Because OMB failed to comply with FOIA's statutory deadlines, OMB must provide Sierra Club with responsive records without assessing any fees, and in no event any search or duplication fees. 5 U.S.C. § 552(a)(4)(A)(viii).

**FOURTH CAUSE OF ACTION**

**Failure to Promptly Disclose Responsive Records**

91. Sierra Club re-alleges and incorporates by reference all the foregoing paragraphs in this Complaint.

92. OMB has not promptly disclosed records that are responsive to Sierra Club's January 30, January 31, and February 25, 2025 FOIA requests. 5 USC § 552(a)(3).

93. OMB has not asserted that FOIA's statutory exemptions apply to the records that Sierra Club seeks.

94. OMB has thereby violated FOIA's requirement that the agency promptly make responsive, non-exempt records available to requesters. 5 U.S.C. § 552(a)(3).

95. Unless enjoined and made subject to a declaration of the Sierra Club's legal rights by this Court, OMB will continue to violate FOIA and Sierra Club's right to receive public records.

**FIFTH CAUSE OF ACTION**

**Failure to Conduct an Adequate Search**

96. The previous paragraphs are re-alleged and incorporated by reference.

97. OMB is required to process Plaintiff's FOIA requests in a manner that complies with 5 U.S.C. § 552(a)(3).

98. OMB has not undertaken searches that are reasonably calculated to locate all records that are responsive to Sierra Club's January 30, January 31, or February 25, 2025 FOIA requests.

99. OMB has therefore violated FOIA's requirements. 5 U.S.C. § 552(a)(3).

100. Unless enjoined and made subject to a declaration of Sierra Club's legal rights by this Court, OMB will continue to violate FOIA and Sierra Club's right to receive public records.

**SIXTH CAUSE OF ACTION**

**Unlawful Withholding of Non-Exempt Records**

101. The previous paragraphs are re-alleged and incorporated by reference.

102. OMB has a statutory duty to produce all responsive records that are not subject to FOIA's exemptions. 5 U.S.C. § 552(d).

103. On information and belief, OMB possesses documents responsive to Sierra Club's January 30, January 31, and February 25, 2025 FOIA requests.

104. OMB has violated FOIA by unlawfully withholding non-exempt records that are responsive to Sierra Club's January 30, January 31, and February 25, 2025 FOIA requests.

105. Sierra Club has exhausted the applicable administrative remedies, and is otherwise entitled to obtain the requested records.

106. Unless enjoined and made subject to a declaration of Sierra Club's legal rights by this Court, OMB will continue to violate FOIA and Sierra Club's right to receive public records.

**SEVENTH CAUSE OF ACTION**

**Failure to Provide an Estimated Date of Completion**

107. The previous paragraphs are re-alleged and incorporated by reference.

108. OMB is required to provide Sierra Club with an estimated date on which it will complete action on each FOIA request. 5 U.S.C. § 552(a)(7)(B); 5 CFR § 1303.50(a).

109. The 36-48-month range estimate that OMB provided for completing action on the Sierra Club's January 30 and February 25, 2025 requests does not comply with the statutory requirement to provide an estimated date of completion, and is not a reasonable estimate.

110. OMB has failed to provide Sierra Club with a good-faith estimated date of completion for its January 30, January 31, and February 25, 2025 requests, including after Sierra Club requested such an estimate for each request.

111. Sierra Club has exhausted the applicable administrative remedies. 5 U.S.C. § 552(a)(4)(B), (a)(6)(C)(i).

112. Unless enjoined and made subject to a declaration of Sierra Club's legal rights by this Court, OMB will continue to violate FOIA and Sierra Club's right to receive an estimated date of completion for its FOIA requests.

**PRAYER FOR RELIEF**

WHEREFORE, Sierra Club respectfully requests that this Court enter judgment against OMB as follows:

1. Declare that OMB has violated FOIA by failing to provide estimated dates of completion of Sierra Club's FOIA requests;

2. Declare that OMB has violated FOIA by failing to make a timely final determination upon Sierra Club's requests for expedited processing;

3. Declare that OMB has violated FOIA by failing to make a timely final determination upon Sierra Club's FOIA requests;

4. Declare that OMB has violated FOIA by failing to produce non-exempt records responsive to Sierra Club's FOIA requests by the statutory deadlines;

5. Order that OMB process Sierra Club's FOIA requests on an expedited basis;

6. Order that OMB conduct an adequate search for any and all records responsive to Sierra Club's FOIA requests and demonstrate that it diligently searched for and identified responsive documents;

7. Order that OMB immediately produce the requested records to Sierra Club at no cost;

8. Order OMB to produce an index identifying any documents or parts thereof that it withholds and the basis for the withholdings, in the event that OMB determines that certain records are exempt from disclosure;

9. Retain jurisdiction over this matter to rule on any assertions by OMB that certain records are exempt from disclosure;

10. Award Sierra Club its costs and reasonable attorneys' fees; and

11. Grant such other and further relief as the Court deems just and proper.

Dated: July 8, 2025

Respectfully submitted,

*/s/ Joya Manjur*
Joya Manjur (CA Bar No. 348160)
SIERRA CLUB
2101 Webster Street, Suite 1300
Oakland, CA 94612
joya.manjur@sierraclub.org
Telephone: (415) 977-5638

Elena Saxonhouse (CA Bar No. 235139)
SIERRA CLUB
2101 Webster Street, Suite 1300
Oakland, CA 94612
elena.saxonhouse@sierraclub.org
Telephone: (415) 977-5765

Andrea Issod (CA Bar No. 230920)
SIERRA CLUB
2101 Webster Street, Suite 1300
Oakland, CA 94612
andrea.issod@sierraclub.org
Telephone: (415) 977-5544

*Attorneys for Plaintiff Sierra Club*