CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
SARAH E. BALKISSOON (CABN 327066)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6474
Facsimile: (415) 436-6748
sarah.balkissoon@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SIERRA CLUB,<br><br>Plaintiff,<br><br>v.<br>OFFICE OF MANAGEMENT AND BUDGET,<br><br>Defendant. | Case No. 3:25-cv-05732-LJC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date/Time: 12/18/25, at 10:00 a.m.<br>Location: Zoom<br><br>The Honorable Lisa J Cisneros |

Plaintiff Sierra Club ("Plaintiff") and Defendant Office of Management and Budget ("OMB" or "Defendant") (together, the "Parties") jointly submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1. <u>Jurisdiction and Service</u>**

There are no issues regarding jurisdiction, venue, or service. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B). All parties have been served.

**2. <u>Facts</u>**

Plaintiff submitted FOIA requests on January 30, 2025 (No. 2025-609), January 31, 2025 (No. 2025-615), and February 24, 2025 (No. 2025-825) (collectively, the "Requests"). The first request seeks records related to the withholding of federal funds pursuant to OMB's January 27, 2025 memo directing

a funding freeze, including instructions from OMB to other federal agencies and other documentation of specific funding cuts and rationale. ECF No. 1 (“Compl.”), Ex. A. The second request seeks external communications related to the funding freeze. Compl., Ex. D. The third request seeks communications between OMB Director Russell Vought and other key OMB staff, and specific external parties. Compl., Ex. G. The third request also seeks communications between certain personnel associated with the Department of Government Efficiency (“DOGE”), whom Plaintiff contends were working out of OMB, *see* Compl. ¶ 35, and specific external parties. *Id.* Defendant has not provided Plaintiff with its determinations or produced documents in response to Plaintiff’s three requests. *See generally* Compl. ¶¶ 67-75; 91-95; ECF No. 13 (Answer) ¶¶ 68-74. The Complaint includes seven causes of action under the FOIA: (1) failure to comply with mandatory determination deadline; (2) failure to grant expedited processing; (3) failure to respond to fee waiver requests; (4) failure to promptly disclose responsive records; (5) failure to conduct an adequate search; (6) unlawful withholding of non-exempt records; and (7) failure to provide an estimated date of completion.

Since initiation of this case, the Parties have conferred regarding the interpretation and scope of Defendant’s search for records, and Defendant has provided updates regarding the status of the searches. Counsel for the Parties first met on August 22, 2025 and twice more before the government shutdown—on September 16, 2025 and September 25, 2025. Counsel for the Parties have met twice since the government reopened—on November 24, 2025, and December 8, 2025.

The status of the productions are as follows:

- Request No. 2025-609: Defendant has constructed search terms and initiated the search for records responsive to this Request. The electronic search returned several thousand record results. The Parties will meet and confer to discuss the scope and possible narrowing of the request. Defendant has not produced documents in response to this Request. Defendant cannot provide an estimated production schedule at this time.
- Request No. 2025-615: Defendant has constructed search terms and initiated the search for records responsive to this Request. The electronic search returned several thousand record results. Plaintiff sent Defendant proposed search terms to narrow the request on December 5, 2025. The Parties will meet and confer as needed to discuss the scope and possible further

narrowing of the request. Defendant has not produced documents in response to this Request. Defendant cannot provide an estimated production schedule at this time.

- Request No. 2025-825: Defendant has constructed search terms for part A of this Request and initiated the search for responsive records. The electronic search returned approximately 1,100 record results. Defendant has not initiated a search for parts B or C of this Request. The Parties have communicated regarding the scope of this Request and will continue to confer to refine these results as necessary. No documents have been produced in response to this Request. Defendant cannot provide an estimated production schedule at this time.

**3. <u>Legal Issues</u>**

Plaintiff: The parties are attempting in good faith to resolve Plaintiff's claims informally. However, the Court may be called upon to resolve the following legal issues: (1) whether the requested records are within Defendant's custody and control, *see U.S. Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 146 (1989); (2) whether Defendant has responded adequately to Plaintiff's FOIA requests; (3) whether Defendant improperly withheld materials based on claimed FOIA exemptions, *see* 5 U.S.C. §§ 552(b)(1)-(9); and (4) whether and in what amount Plaintiff is entitled to an award of attorneys' fees and other litigation costs, *see id.* § 552(a)(4)(E)(i).

Defendant: Defendant disputes Plaintiff's claims. Additional legal issues may include whether any of the affirmative defenses in Defendant's answer (Dkt. No. 13) bar any of Plaintiff's legal claims.

**4. <u>Motions</u>**

There are no prior motions. If the parties are not able to resolve the case cooperatively, the parties anticipate that the case will be resolved through cross-motions for summary judgment.

**5. <u>Amendment to the Pleadings</u>**

The Parties do not anticipate amending their respective pleadings at this time.

**6. <u>Evidence Preservation</u>**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding preservation of evidence in this action.

**7. <u>Disclosures</u>**

The parties agree and stipulate pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) that initial disclosures are not necessary, as this is a FOIA action for which there is no need to exchange such disclosures.

**8. <u>Discovery</u>**

To date, no discovery has been taken by any party.

Defendant notes that discovery is generally not appropriate in FOIA actions. *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008). FOIA discovery is limited because the underlying FOIA case revolves around the propriety of revealing certain documents.

Plaintiff notes that discovery may be proper to resolve a factual dispute about the scope and adequacy of the Defendant's search. Plaintiff hopes to work cooperatively with Defendant to obtain information needed to resolve any questions of fact that may arise, but reserves the right to seek discovery at a later date.

**9. <u>Class Actions</u>**

This is not a class action.

**10. <u>Related Cases</u>**

There are no related cases pending before this Court as defined by Local Rule 3-12. Plaintiff notes that there is another case pending in this District regarding a Sierra Club FOIA request for documents pertaining to DOGE personnel, involving separate alleged FOIA violations. *See Sierra Club v. USDS et al.,* (Case No. 3:25-cv-9322). Plaintiff does not believe there would be "unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges," however. L.R. 3-12.

**11. <u>Relief Sought</u>**

Plaintiff: Plaintiff seeks declaratory and injunctive relief with respect to the documents responsive to its three FOIA requests. Plaintiff's prayer for relief asks this Court to (1) declare that Defendant has violated FOIA, by its failure to timely respond to Sierra Club's requests, its failure to make the requested records available, its failure to provide estimated dates of completion of Sierra Club's requests; (2) order that Defendant process Sierra Club's FOIA requests on an expedited basis, provide the Sierra Club with the records it has requested, promptly and at no cost, and produce an index

identifying any documents or parts thereof that it withholds and the basis for the withholdings; (3) retain jurisdiction over this case to rule on any assertions by Defendant that any responsive records held by the Agency are, in whole or in part, exempt from disclosure; (4) award Sierra Club's litigation costs and attorneys' fees in this action; (5) order such other relief as the Court may deem just and proper. *See* Compl. at 22.

Defendant: Defendant denies that Plaintiff is entitled to any relief.

**12. <u>Settlement and ADR</u>**

The parties have conferred about ADR processes and believe that ADR is premature at this time. The parties are continuing to communicate and are working to narrow the issues that may be presented at either a settlement conference or ADR process.

**13. <u>Other References</u>**

None applicable.

**14. <u>Narrowing of Issues</u>**

None applicable.

**15. <u>Scheduling</u>**

The Parties agree to work cooperatively to agree on a reasonable schedule.

Plaintiff: Given that several months have passed since Plaintiff filed this lawsuit and the Parties first began the meet and confer process, and Defendant has not yet initiated a search for two key portions of Plaintiff's third request, nor produced any documents, nor provided any timeline for production, Plaintiff is concerned that Defendant will continue to delay in absence of firm dates to complete its searches and propose a production schedule. Plaintiff proposes that Defendant complete searches on all three requests and provide a proposed production schedule to Plaintiff by January 9, 2025. While Sierra Club is not obligated to narrow its requests, Sierra Club would agree in support of this timeline to provide any additional narrowing search terms to Defendant for the first and third requests no later than December 19, 2025. Plaintiff requests that the Court schedule a case management conference for January 22, 2026, to discuss the status of the Parties' agreement on a production schedule.

Defendant: Given the status of the searches, Defendant submits that setting a schedule is premature and scheduling another case management conference is unnecessary. Defendant proposes that the Parties

file a joint status report by January 30, 2026, regarding the status of production, stipulating to a deadline for the next status report, and only requesting a case management conference if necessary.

**16. Trial**

The Parties anticipate that this action will involve purely legal issues and will be resolved by motion without the need for a trial.

**17. Disclosure of Non-Party Interested Entities or Persons**

Plaintiff: Plaintiff filed its Certification of Interested Entities or Persons. ECF No. 3. There are no interested parties other than the named parties to this action.

Defendant: As a governmental entity or agency, Defendant is exempt from the disclosure requirement of Civil Local Rule 3-15.

**18. Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. Other matters as may facilitate the just speedy and inexpensive disposition of this matter**

None applicable.

DATED: December 11, 2025

Respectfully submitted,[1]

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Sarah E. Balkissoon*
SARAH E. BALKISSOON
Assistant United States Attorney

Attorneys for Defendant

DATED: December 11, 2025

*/s/ Joya Manjur*
JOYA MANJUR

[1] In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.

Andrea S. Issod (CABN 230920)
Elena Kathryn Saxonhouse (CABN 235139)
Joya Manjur (CABN 348160)
Sierra Club Environmental Law Program
2101 Webster Street, Suite 1300
Oakland, CA 94612
Telephone: (415) 977-5544
Telephone: (415) 977-5765
Telephone: (510) 221-6342
Email: andrea.issod@sierraclub.org
Email: elena.saxonhouse@sierraclub.org
Email: joya.manjur@sierraclub.org

Attorneys for Plaintiff