CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
SARAH E. BALKISSOON (CABN 327066)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6474
Facsimile: (415) 436-6748
sarah.balkissoon@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SIERRA CLUB,<br><br>Plaintiff,<br><br>v.<br>OFFICE OF MANAGEMENT AND BUDGET,<br><br>Defendant. | Case No. 3:25-cv-05732-LJC<br><br>**REQUEST FOR CLARIFICATION OF SCHEDULING ORDER**<br><br>The Honorable Lisa J Cisneros |

The parties hereby respectfully submit this joint request for clarification of the Scheduling Order issued on February 11, 2026. Dkt. No. 30 (the "Order"). Specifically, the parties request the clarification below:

**For Request No. 2025-609, does the Order require OMB to (A) process an indeterminate number of potentially responsive records until OMB identifies at least 400 responsive, non-exempt records or at least 2,000 pages of responsive, non-exempt material to produce or (B) process 400 documents or 2,000 pages and produce any responsive, non-exempt material from that review, by each stated deadline?**

On January 27, 2026, the parties filed a Proposed Schedule. Dkt. No. 29. In the proposed schedule, the parties proposed differing processing rates and/or production rates. For example, OMB

proposed a 400-page *processing* rate (*i.e.*, review rate) and Sierra Club proposed a "pace of *production* of 400 documents per month." Dkt. No. 29 at 3-5 (emphasis added). In the subsequent Scheduling Order, the Court ordered the following production schedule:

<u>Request No. 2025-825 Part A</u>

- "complete its first production of 631 pages (search results after domain-name narrowing) on Request No. 2025-825 Part A no later than February 25, 2026"
- "complete production of the remaining approximately 869 pages responsive to Request No. 2025-825(A) no later than March 4, 2026"

<u>Request No. 2025-609</u>

- "produce documents responsive to Request No. 2025-609 at a rate of either 400 documents per month or 2,000 pages per month, beginning with a production that meets at least one of those two thresholds no later than March 9, 2026 and continuing with further productions no later than the first business day of each month thereafter."

*Id.* at 2. Defendant intends to complete processing and production of responsive, non-exempt records with respect to Request No. 2025-825 Part A by the Court's February 25, 2026, and March 4, 2026, deadlines.[1] As such, this request for clarification pertains to the processing rate for Request No. 2025-609 only.[2]

**<u>Plaintiff's Position</u>**

The Order's plain language requires OMB to *produce* 400 documents or 2,000 pages per month. Defendant's proposal to convert the Court-ordered production rate to a processing rate would not satisfy FOIA's mandate that agencies make records "promptly available," 5 U.S.C. § 552(a)(3)(A), as evidenced by OMB's representation that its first review of 2,000 pages would not result in production of any responsive documents. In an attempt to resolve this issue without the Court's involvement, Sierra Club has proposed that OMB could either process 6,000 pages per month *or* produce 2,000 pages/400 documents per the Court's scheduling order. This solution would address OMB's concerns by establishing a ceiling for the number of documents it would have to process each month, and would also

---

[1] In compliance with the Order, Defendant made its first production on February 25, 2026, and completed its final production of documents responsive to Request No. 2025-825(A) on March 4, 2026.

[2] Given the approaching March 9, 2026, production deadline, Sierra Club kindly consented to OMB applying OMB's interpretation of the scheduling order for purposes of meeting the March 9, 2026, deadline only.

allow it to process fewer than 6,000 pages per month if it identifies enough responsive records to satisfy the original production parameters set by the Court. It is Sierra Club's understanding that OMB does not accept this proposal.

Sierra Club further proposes that, at a minimum, if Defendant produces significantly fewer documents or pages than it reviewed, Defendant must provide an explanation as to why the excluded documents were withheld as "nonresponsive" despite being responsive to the search terms agreed upon by the parties. If OMB wishes to propose improved search terms to reduce the number of purportedly "nonresponsive" documents retrieved in the search, and thereby reduce the overall volume of documents needing review, Sierra Club is also open to reviewing such a proposal.

**Defendant's Position:**

The Order should be interpreted to require OMB to *process* 400 potentially responsive records or 2,000 pages of potentially responsive records per month and produce any responsive, non-exempt material resulting from that review on the stated deadlines.

Underlying Defendant's request for clarification is the reality that OMB's initial searches resulted in approximately 4,672 records (or roughly 68,628 pages) containing *potentially* responsive material. In other words, the universe of records to be reviewed simply hit on search terms that OMB utilized, and many of those potentially responsive records are likely non-responsive to Request No. 2025-609.[3] The real-world impacts of this are profound: OMB has sampled 2,000 pages in preparation for the March 9 deadline and has not identified any records responsive to Request No. 2025-609. At this rate OMB may need to review thousands more pages before identifying even one responsive record (much less 400 responsive records). Indeed, there may be less than 400 responsive records or 2,000 responsive pages in the entire universe of potentially responsive records. Plaintiff's interpretation of the Order would require OMB to review records *ad infinitum* until it has accumulated 400 responsive, non-exempt records or 2,000 pages of responsive, non-exempt material to produce. Given OMB's existing FOIA processing resources and ongoing obligations in dozens of other FOIA cases, it will likely be impossible to identify and produce 400 responsive records or 2,000 responsive pages within the allotted

[3] Despite Defendant's request to further narrow the search, Plaintiff stated on January 27, 2026, "Sierra Club has finished narrowing . . .2025-609." *See* Proposed Schedule at 2, Dkt. No. 29.

timeframe.

Further, Defendant's interpretation of the Order aligns with the practical impact of the Court's instructions regarding Request No. 2025-825(A). There, the Order requires Defendant to process 631 pages and 869 pages and produce any responsive, non-exempt material by each deadline. That Court-ordered process will result in the *production* of something less than 631 and 869 pages, respectively, because under the FOIA the Court cannot compel Defendant to release either non-responsive records or material exempt from disclosure.

For these reasons, the Court's Order is best understood as establishing a processing rate for potentially responsive records, rather than imposing a mandatory rate of production.

DATED: March 6, 2026

Respectfully submitted,[4]

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Sarah E. Balkissoon*
SARAH E. BALKISSOON
Assistant United States Attorney

Attorneys for Defendant

DATED: March 6, 2026

*/s/ Joya Manjur*
JOYA MANJUR

Andrea S. Issod (CABN 230920)
Elena Kathryn Saxonhouse (CABN 235139)
Joya Manjur (CABN 348160)
Sierra Club Environmental Law Program
2101 Webster Street, Suite 1300
Oakland, CA 94612
Telephone: (415) 977-5544
Telephone: (415) 977-5765
Telephone: (510) 221-6342
Email: andrea.issod@sierraclub.org
Email: elena.saxonhouse@sierraclub.org
Email: joya.manjur@sierraclub.org

Attorneys for Plaintiff

[4] In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.